**LIUGUO LU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70113.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided June 5, 2006.

---

Bruce Bowman, Esq., Palos Verdes, CA, for Petitioner.

Evan L. Murri, Esq., Law Offices of Evan L. Murri, Pomona, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, Earle B. Wilson, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

## MEMORANDUM *

Liuguo Lu petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") denial of his application for withholding of removal. We grant the petition, and remand to the agency for further proceedings.

Because the parties are familiar with the factual and procedural histories of this case, we will not recount them here. Where the BIA incorporates the IJ's deci-

sion as its own, we review the IJ's decision. *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996). We review findings made by the BIA for substantial evidence, and uphold them unless the evidence compels a contrary result. *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir.2004). Where, as here, the IJ finds the alien to be credible, we accept the alien's testimony as true. *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1251 (9th Cir.2004).

The Attorney General must grant withholding of removal where an alien shows that "it is more probable than not that he will face persecution on account of a protected ground" upon removal. *Njuguna v. Ashcroft*, 374 F.3d 765, 772 (9th Cir.2004); 8 U.S.C. § 1231(b)(3). If the alien establishes that he has suffered past persecution in the country of removal on account of a protected ground, he is entitled to the rebuttable presumption that future persecution is more probable than not. 8 C.F.R. § 1208.16(b)(1).

■ In assessing whether a petitioner has been persecuted within the meaning of the Immigration and Naturalization Act ("INA"), "[w]e consider cumulatively the harm an applicant has suffered." *Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir.2000). "An applicant may suffer persecution because of the cumulative effect of several incidents, no one of which rises to the level of persecution." *Id.* Lu claimed past persecution on account of imputed political opinion when he was arrested, detained, interrogated, physically abused, and ultimately sent to a reeducation camp for two months on account of his organization of a protest of factory workers following a fatal accident at the factory where Lu worked as a safety inspector. These cumulative acts were sufficient to constitute persecu-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion under the INA, and substantial evidence does not support the IJ's decision in holding otherwise.

■ Substantial evidence also does not support the IJ's conclusion that Lu had not shown that the physical abuse he suffered was on account of political opinion. "To establish a nexus to the political opinion ground, [an alien] must show (1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion." *Sagaydak v. Gonzales,* 405 F.3d 1035, 1042 (9th Cir.2005) (citing *Njuguna,* 374 F.3d at 770 (9th Cir.2004)).

First, Lu's credible testimony that the police accused him of "opposing the government" and "of trying to overthrow the government" compels the finding that the police imputed a political opinion to him. Second, the IJ erred when he found that "[t]his is a case where it's prosecution, not persecution." The distinction between persecution and prosecution "must be evaluated in the context of the legitimacy of the law being enforced." *Chanco v. INS,* 82 F.3d 298, 302 (9th Cir.1996). In particular, "[w]hen a government does not respect the ... right to peacefully protest, punishment by such a government for a politically motivated act may arguably not constitute a legitimate exercise of sovereign authority and may amount to persecution." *Id.* Such punishment is even less legitimate in this case, where the "politically motivated act" at issue was itself a peaceful protest, and the politically motivated actor, who was employed by the state as a safety officer, was peacefully protesting the city government's failure to protect its workers in the aftermath of a fatal accident. An additional circumstance that compels the conclusion that Lu was not merely "prosecuted" but "persecuted" is the absence of any legitimate prosecution. *See Ndom v. Ashcroft,* 384 F.3d 743,

755 (9th Cir.2004) (quoting *Ratnam v. INS,* 154 F.3d 990, 996 (9th Cir.1998)).

That the Chinese police may have been in part motivated by their official duties is immaterial, given that they were at least in part motivated by the political opinion imputed to Lu. It is not required that the alien's imputed political opinion be the exclusive motive for persecution; "so long as one motive is one of the statutorily enumerated grounds, the requirements have been satisfied." *Singh v. Ilchert,* 63 F.3d 1501, 1509 (9th Cir.1995).

Because Lu has shown past persecution on account of a protected ground, he is entitled to the presumption of future persecution unless the government can show that "[t]here has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened," 8 C.F.R. § 1208.16(b)(1)(i)(A), or that "[t]he applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal.". 8 C.F.R. § 1208.16(b)(1)(i)(B).

■ The IJ, and the BIA in affirming the IJ, did not reach the issues of changed country conditions or relocation. We therefore remand under *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) so that the agency can address these questions in the first instance.

**PETITION GRANTED; REMANDED.**